cution should be reopened so that affidavits showing unexpected results can be filed.

■■■ It is elementary that the claimed invention must be considered as a *whole* in deciding the question of obviousness. *In re Kaslow,* 707 F.2d 1366, 217 USPQ 1089 (Fed.Cir.1983); *Stratoflex,* 713 F.2d at 1537, 218 USPQ at 877. Although the board and the examiner correctly concluded that the invention of claims 42–51 and 53 would have been prima facie obvious, this conclusion did not properly end consideration of the obviousness question; evidence arising out of secondary considerations must always be considered. *Stratoflex, supra; In re Sernaker,* 702 F.2d 989, 996, 217 USPQ 1, 7 (Fed.Cir.1983).[8] Despite appellants' arguments throughout prosecution that heat shrinkable articles with the claimed expansion ratios overcome the longstanding splitting problem, the board and the examiner merely concluded that these ratios would have been obvious without properly responding to appellants' allegations of unexpected results. Although appellants failed to make an adequate showing of unexpected results, if the board or the examiner had considered this point when the case was pending before them and had pointed out that there was no objective evidence of unexpected results, appellants would, at least, have had notice and would have had an opportunity to file objective evidence.[9] Neither the board nor the examiner, however, gave such notice, and, therefore, appellants were led to believe, albeit erroneously, that they had satisfied their burden of going forward with objective evidence to rebut the prima facie

case of obviousness. *In re Rinehart,* 531 F.2d 1048, 189 USPQ 143 (CCPA 1976). In view of the PTO's failure to challenge the sufficiency of appellants' rebuttal evidence until this appeal, when appellants could no longer offer evidence, we conclude that it is necessary to vacate the board's decision on claims 42–51 and 53 and to remand the case to afford appellants the opportunity to submit objective evidence of unexpected results. *See In re Wiechert,* 370 F.2d 927, 933, 152 USPQ 247, 251–52 (CCPA 1967).

## SUMMARY

The decision of the board is *reversed* with respect to claims 52 and 55–64 and *vacated* with respect to claims 42–51 and 53. The case is *remanded* for further proceedings consistent with this opinion.

REVERSED–IN–PART;  VACATED–IN–PART; and REMANDED.

**MISSOURI PACIFIC TRUCK LINES, INC., Appellee,**

v.

**The UNITED STATES, Appellant.**

**Appeal No. 84–604.**

United States Court of Appeals, Federal Circuit.

June 20, 1984.

---

firmance is not appropriate in view of the PTO's conduct, discussed infra.

**8.** A proper showing of unexpected results will rebut a prima facie case of obviousness. *In re Fenn,* 639 F.2d 762, 208 USPQ 470 (CCPA 1981); *In re Murch,* 464 F.2d 1051, 175 USPQ 89 (CCPA 1972).

**9.** Examiners will consider an affidavit or declaration under 37 C.F.R. § 1.132 if submitted prior to final rejection or with the first response after final rejection for the purpose of overcoming a new ground of rejection or requirement made in the final rejection. *United States Patent and Trademark Office, Manual of Patent Examining Procedure* § 716 (4th ed. rev. 1982).

Affidavits or declarations filed after final rejection will be considered if a satisfactory showing under 37 C.F.R. § 1.116(b) or 37 C.F.R. § 1.195 is made. *Id.* Where the board makes a decision advancing a position or rationale new to the proceedings, an applicant must be afforded an opportunity to respond to that position or rationale by submission of contradicting evidence. *In re Eynde,* 480 F.2d 1364, 178 USPQ 470 (CCPA 1973). Accordingly, if the board or the examiner in this case had stated that there was no objective evidence, appellants would have been entitled to respond by filing such evidence.

George L. Squires, Washington, D.C., argued for appellant. With him on the brief were Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup and Carleton D. Powell, Washington, D.C.

William M. Paul, Washington, D.C., argued for appellee. With him on the brief was John B. Jones, Jr., Washington, D.C.

Before MARKEY, Chief Judge, and FRIEDMAN and NEWMAN, Circuit Judges.

PER CURIAM.

The judgment of the United States Claims Court is *affirmed* on the basis of the opinion of Judge Nettesheim, reported at 3 Cl.Ct. 14 (1983).